**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FREDERICK H. DAMBACH, | : | Civil No. 05-3334 (GEB) |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| UNITED STATES OF AMERICA, and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : | |
| Defendants. | : | |
| KYLE R. DAMBACH, | : | Civil No. 05-3335 (GEB) |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : | |
| Defendants. | : | |
| JUDITH A. DAMBACH, | : | Civil No. 05-3336 (GEB) |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : | |
| Defendants. | : | |

This matter comes before the Court upon Defendants' motion seeking: (1) to vacate defaults; (2) to consolidate the above-captioned cases; and (3) leave to file a responsive pleading. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set for below, will grant Defendants' motion in all respects.

**I.     BACKGROUND**

In or about January 1993, *pro se* Plaintiff Frederick Dambach applied for disability benefits from the Department of Veterans Affairs ("DVA"). (Compl. ¶17.) The DVA denied Mr. Dambach's application and, according to the allegations set forth in the complaints, he subsequently contested the DVA's denial of his application over a period of nine (9) years. (Compl. ¶18.) In or about March 2002, the DVA granted Mr. Dambach the benefits that he sought. (Compl. ¶15.)

On or about July 1, 2005, Mr. Dambach, his wife Judith Dambach, and his son Kyle Dambach (collectively "Plaintiffs") separately filed *pro se* complaints in the above-captioned cases. The separate complaints assert virtually identical claims, namely, that the DVA engaged in tortious and unconstitutional conduct in its repeated denial of Mr. Dambach's benefits claim. On October 11, 2005, Plaintiffs requested entry of default in the above-captioned cases pursuant to Federal Rules of Civil Procedure Rule 55(a) for failure by Defendants to plead or otherwise defend against Plaintiffs' complaints. On or about October 11, 2005, the Clerk of this Court entered defaults in the above-captioned cases.

On October 26, 2005, Defendants filed the instant motion to vacate the defaults. Defendants also move to consolidate the cases, and seek leave to respond to Plaintiffs' complaints.

II.     DISCUSSION

    A.     Motion to Set Aside Defaults

Federal Rules of Civil Procedure Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) 'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). The Third Circuit Court of Appeals "has often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

"[I]t is well established that a district court ruling on a motion to set aside a default under Rule 55(c) . . . must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted).

Here, the defaults should be set aside because Defendants have satisfied all three factors. First, it appears that Plaintiffs would not be prejudiced if the defaults were set aside. The defaults were entered less than four (4) months after the filing of the complaints, and Defendants moved to set aside the defaults approximately two (2) weeks after they were entered. Plaintiffs have not demonstrated that Defendants' delay has prejudiced them in any manner. Second, Defendants' defaults in this case were the result of counsel's failure to properly mark the pleading deadlines on her calendar, as well as intervening personal matters that delayed her discovery of her error. (Donnelly Decl. ¶¶2-6.) The defaults were therefore the result of the attorney's mistakes, not Defendants' willful or culpable conduct.

Defendants have also demonstrated that they have meritorious defenses against Plaintiffs' claims. "The showing of a meritorious defense is accomplished when 'allegations of defendant's

answer, if established at trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

It appears from the complaints that Plaintiffs assert constitutional and tort claims against Defendants.  With respect to Plaintiffs' constitutional claims, "[a]lthough the Third Circuit has not ruled on the issue, 'federal courts have held repeatedly that they lack jurisdiction over constitutional challenges to [DVA] benefits decisions.'" *Duke v. United States*, 305 F. Supp. 2d 478, 490 (E.D. Pa. 2004) (quoting *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1997)).  Thus, Defendants have a meritorious defense against Plaintiffs' constitutional claims.

With respect to Plaintiffs' tort claims, "[u]nder the [Federal Tort Claims Act], a claim against the United States is barred unless it is presented to the appropriate federal agency 'within two years after such claim accrues.'" *Zeleznik v. United States*, 770 F.2d 20, 22 (3d Cir. 1985) (quoting 28 U.S.C. § 2401(b) (1982)).  "A claim 'accrues' when the injured party knows both the existence and cause of his injury." *Peterson v. United States*, 694 F.2d 943, 945 (3d Cir. 1982). Plaintiffs' negligence claims are based on allegations of misconduct by the DVA that began in 1993, or approximately twelve (12) years before the filing of the complaints in the above-captioned cases.  Defendants therefore have a meritorious defense against Plaintiffs' tort claims.

### B.     Motion to Consolidate Cases

Defendants also seek to consolidate the above-captioned cases pursuant to Federal Rules of Civil Procedure Rule 42(a).  Federal Rules of Civil Procedure Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a).

Here, the above-captioned cases concern common questions of fact relating to the actions taken by the DVA in denying Mr. Dambach's benefits claim. Moreover, the three cases concern common questions of law regarding whether Defendants may be held liable for their alleged misconduct, and whether Plaintiffs are entitled to damages. For these reasons, consolidation of these cases pursuant to Rule 42(a) is appropriate.

### III.  CONCLUSION

For the above reasons, Defendants' motion to vacate the defaults is granted, and Defendants' motion to consolidate the above-captioned cases is granted. Defendants are permitted to answer, move or otherwise respond to the consolidated action within ten (10) days. An appropriate form of order is filed herewith.

Dated:  January 20, 2006

                                                  s/ Garrett E. Brown, Jr.  
                                                GARRETT E. BROWN, JR., U.S.D.J.